HENRY WILSON, APPELLANT AND CROSS-APPELLEE, V. CITY OF NELIGH, CROSS-APPELLEE: CHARLES H. FRIDLEY ET AL., INTERVENERS, APPELLEES AND CROSS-APPELLANTS.

FILED MAY 15, 1923.     No. 22255.

1. **Vendor and Purchaser:** CONTINGENT SALE. Where the holder of the legal title to a small tract of real estate has sold to another the right of possession until the happening of a contingency, the fact that the duration of the term depends upon a condition which may, or may not, take effect, does not operate to defeat the sale.

2. **Quieting Title:** DISCLAIMER: DECREE. Where, in an action against a city to quiet title to a strip of land formerly claimed by the city as a street, the city disclaims all title or interest in the property, the decree should quiet the title in the owners as against the city, without imposing any limitation or qualification in its favor.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed as modified.*

*J. F. Boyd,* for appellant.

*A. R. Oleson, contra.*

Heard before MORRISSEY, C. J., LETTON, DAY and DEAN, JJ., BUTTON, District Judge.

LETTON, J.

This is an action against the city of Neligh to quiet the title in plaintiff to a strip of land 80 feet wide along the north side of blocks 126 and 139 in the city of Neligh, and south of a tract of land owned by the interveners, Charles H. and Rose Fridley. It seems that the city of Neligh in April, 1914, recovered a judgment in the district court adjudging said real estate to be a street of the city. The judgment was appealed to the supreme court by certain of the defendants, but not by the plaintiff in this case, who was a defendant in that case. Afterwards plaintiff sold to Charles H. and Rose Fridley, by a written contract, about 24 acres immediately north of

this strip. These parties intervened in this cause, seeking to quiet the title and possession of this strip in them. This written contract, after providing for sale of the 24-acre tract, contained the following provision:

"Inasmuch as a certain tract of real estate (describing the strip in dispute here) has been determined by judgment of the district court of Antelope county, Nebraska, entered on the 18th day of April, 1914, to be a street of the city of Neligh, Nebraska, of which 80-foot strip the parties of the first part (plaintiff in this case and his wife) are in possession, and which it is within the range of possibilities might remain their property and not be opened as a street, it is therefore agreed that the parties of the first part shall turn over to the parties of the second part, on the 1st day of September, 1915, the possession of said 80-foot strip, which they may retain until possession is required of them by the city of Neligh, the consideration of the above tract being the consideration for the use and possession of said real estate."

Immediately following this provision, as the contract was originally typewritten, there was a clause to the effect that Fridley should pay for this strip in case the supreme court held that there was no street there. While negotiations were pending, Fridley objected to this, saying that if this provision was in the contract he would have to pay for this strip twice. This clause was then stricken out by ink lines drawn across it before the contract was signed. Plaintiff admits signing the contract, but says he misunderstood this provision, but he does not allege any fraud in the transaction. Fridley asserts that, under the quoted provisions of the contract, he is entitled to the title and possession of the 80-foot strip, and asks to have the title quieted in him. The trial court quieted the title in plaintiff as against the city. It also found that, by the terms of the contract, the strip of land in controversy was treated by the parties thereto as a street of the city, to be opened at the option of the

city, and, as between the plaintiff and Fridley, the contract constituted a continuing offer of dedication of the land as a street, which may be accepted by the city at any time, by the passage of an ordinance therefor, before the same has been canceled by the consent and agreement of both the plaintiff and the Fridleys; that by the terms of the contract the interveners are entitled to possession of the premises until possession is desired by the city for use as a street; that the city is estopped from claiming any title or interest in the premises against the interveners other than the right to open it as a street prior to the revocation of such offer by the parties making the same; that plaintiff holds the naked, legal title to the premises, subject to the right of possession by the interveners until the same shall be required of them by the city of Neligh for a street. Plaintiff appealed, and interveners filed a cross-appeal.

The city of Neligh by the pleadings disclaimed any interest or right to the strip in controversy, and makes no complaint of the decree. The question as to the respective rights of the interveners and the plaintiff in the disputed strip depends upon the terms of the written contract, and more especially upon that portion of the same above quoted.

What are the respective rights of the plaintiff and of the interveners? No appeal having been taken by plaintiff, the judgment of the district court in the former action deciding that the city was entitled to the strip as a street was final as to him. Plaintiff, however, was entitled to the possession of the strip until the city desired to open it for public use. He was rightfully in possession when he entered into the contract with interveners. This possessory right he could sell and convey, and this he did by the quoted provision of the contract. By their purchase interveners are entitled to hold possession until the condition that the city requires the possession of the strip for a street arises. But the city having disclaimed, in this proceeding, title or interest in

the property whatever interest it had by virtue of the judgment reverts to plaintiff, the owner of the legal title, subject, however, to the right of possession in the interveners. Interveners bought and paid for this possessory right, but they did not buy the title in fee. They are entitled to a decree finding their right of possession, but are not entitled to a decree granting the legal title in them, as they ask. The city is not entitled to a judgment, or finding, in its favor in any respect. It asked for nothing, and expressly disclaimed any interest in the property. The court properly quieted the legal title in plaintiff, subject to the possessory right sold to interveners by the contract. Further than this the decree does not seem to be warranted. The decree of the district court is therefore modified so as to quiet the legal title in the property involved in plaintiff, subject, however, to the right of possession in interveners, as granted by the quoted provisions of the contract.

The parties are left in a somewhat anomalous situation as to their rights in the strip, and, yet, it is not infrequent that one person may have the legal title to real estate subject to a right of possession in another. The right to sell or buy remains open if it is desired to unite the two estates.

As above modified, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.